UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHD MICHIGAN, L.L.C., et al.,

        Plaintiffs,

v.

OUTFITTERS ASSOCIATION OF MICHIGAN, et al.,

        Defendants.
_____/

Case No. 04-73964

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' MOTION TO AMEND ORDER OF APRIL 28, 2005 TO INCLUDE CERTIFICATION UNDER 28 U.S.C. § 1292(b) [11]**

This matter comes before the Court on Defendants' motion to amend the Court's April 28, 2005 order to include certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court finds that, because the facts and legal arguments are adequately presented in the briefs and the decision process would not be significantly aided by oral argument, this motion shall be resolved as submitted on the briefs. E.D. Mich. L. R. 7.1(e)(2).

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A district court should grant leave for an immediate appeal only in exceptional circumstances. *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

The Court is not convinced that an appeal of its April 28, 2005 Order presents such exceptional circumstances. The Court's April 29, 2005 Order denied Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Contrary to Defendants' arguments here, its motion presented a relatively simple question of law -- whether venue should be transferred under § 1404(a) -- as to which there is not a substantial ground for difference of opinion. Federal law on this issue is clear. Defendants' reliance on Michigan law is misplaced.

Moreover, Defendants have not shown that an immediately appeal to the Sixth Circuit will materially advance the ultimate termination of this litigation. An interlocutory appeal of this Order will delay, rather than advance the ultimate termination of this litigation. Defendants do not present any argument refuting this fact.

In light of the above, this Court DENIES Defendants' motion.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 23, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 23, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager